Filed 1/22/16  P. v. Tran CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039930 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C9951640) |
| v. | |
| SON THANH TRAN, | |
| Defendant and Appellant. | |

Defendant Son Thanh Tran, a "Three Strikes" prisoner, who is serving an indeterminate life sentence, appeals from an order denying his petition for recall of his sentence under the Three Strikes Reform Act of 2012 (Pen. Code,[1] §§ 667, 1170.12, 1170.126, Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012) (Act)).  Defendant contends:  (1) the trial court erred when it concluded that he was disqualified from resentencing because his current offenses were serious felonies; and (2) the sentencing order striking punishment for the gang enhancements means that he is not serving life terms for serious felony convictions.  We affirm the order.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

## I.  The Act

The Act amended sections 667 and 1170.12 and added section 1170.126.  (*People v. Superior Court* (*Martinez*) (2014) 225 Cal.App.4th 979, 984.)  Under the previous version of the Three Strikes law, a defendant who had been convicted of two or more serious or violent felonies was subject to an indeterminate life sentence of 25 years to life after his or her conviction of any new felony.  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167 (*Yearwood*).)  The Act changed the Three Strikes law by reserving indeterminate life sentence for cases in which the new offense is also a serious or violent felony, unless the prosecutor pleads and proves an enumerated disqualifying factor.  (*Yearwood*, at p. 167.)  In all other cases, a recidivist defendant will be sentenced as a second strike offender instead of a third strike offender.  (*Id.* at pp. 167-168.)  "The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety.  (§ 1170.126.)" (*Id.* at p. 168.)

## II.  Procedural Background

In April 2000, an amended information charged defendant with one count of conspiracy to sell cocaine base (§ 182, subd. (a)(1) – count 1) and two counts of sale of cocaine (Health & Saf. Code, § 11352, subd. (a) – counts 2 and 3).  The information also alleged:  the crimes were committed for the benefit of a criminal street gang (former § 186.22, subd. (b)(1)), defendant had suffered two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12), and defendant had served a prior prison term (§ 667.5, subd. (b)).  Following trial, the jury found defendant guilty on all three counts and found true the

gang enhancements allegations. The trial court found true the two prior strike conviction allegations and found not true the prior prison term allegation.

In July 2000, the trial court denied defendant's motion to strike one or more of the prior strike convictions pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The trial court sentenced defendant to a total term of 50 years to life. Consecutive sentences of 25 years to life were imposed as to the drug sales charges in counts 2 and 3 and the sentence on the conspiracy charge in count 1 was stayed pursuant to section 654. The trial court struck the punishment for the gang enhancement findings in the interest of justice pursuant to former section 186.22, subdivision (d).[2] In May 2002, this court affirmed the judgment.

On February 11, 2013, defendant filed a petition for resentencing pursuant to section 1170.126. The following day, the trial court issued an order appointing counsel and calendaring the case for a hearing. In June 2013, the trial court found defendant ineligible for resentencing: "The abstract of judgment shows that Defendant was convicted of 3 separate felony violations, each with an allegation[] under Penal Code § 186.22(b)(1). As the People correctly note, Defendant is thus ineligible for resentencing because those offenses are serious felonies as defined in Penal Code § 1192.7(c)(28)." Defendant filed a timely notice of appeal from the order.

---

[2]    Former section 186.22, subdivision (d) provided: "Notwithstanding any other law, the court may strike the additional punishment for the enhancements provided in this section or refuse to impose the minimum jail sentence for misdemeanors in an unusual case where the interests of justice would best be served, if the court specifies on the record and enters into the minutes the circumstances indicating that the interests of justice would best be served by that disposition."

## III. Discussion

### A. Definition of Serious Felony Offense

Defendant contends that he is not disqualified from resentencing under section 1170.126, because his current offenses were not serious felonies when he committed them in 1999.

In March 2000, voters passed Proposition 21, the Gang Violence and Juvenile Crime Prevention Act of 1998, which, among other things, altered the definition of a "serious felony" offense to include "any felony offense, which would also constitute a felony violation of Section 186.22." (§ 1192.7, subd. (c)(28).) "[T]he definition of 'serious felony' in section 1192.7(c)(28) also includes 'any felony offense' that was committed for the benefit of a criminal street gang within the meaning of section 186.22(b)(1).)" (*People v. Briceno* (2004) 34 Cal.4th 451, 456.) Our Supreme Court recently held that "for purposes of resentencing under section 1170.126, the classification of the current offense as serious or violent is based on the law as of November 7, 2012, the effective date of Proposition 36." (*People v. Johnson* (2015) 61 Cal.4th 674, 687 (*Johnson*).)

Defendant acknowledges that this court is bound by *Johnson's* holding as a matter of statutory construction under *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455). However, defendant points out that *Johnson* did not consider constitutional provisions in reaching its holding. Thus, he argues that *Johnson* is not controlling as to these issues. " 'It is axiomatic that cases are not authority for propositions not considered.' [Citation.]" (*People v. Avila* (2006) 38 Cal.4th 491, 566.) Accordingly, we will consider the constitutional issues that defendant has presented.

Defendant contends that the reclassification of his current offenses as serious felonies violates the ex post facto clause of the United States Constitution (U.S. Const., art. I, § 10, cl. 1).

4

In order to violate the ex post facto clause, the statute "must be retroactive, and must implicate at least one of the four categories described in *Calder v. Bull* (1798) 3 U.S. (3 Dall.) 386, 390 . . . . [Citation.] To be considered retroactive, the law must ' "change[] the legal consequences of an act completed before [the law's] effective date," namely the defendant's criminal behavior.' [Citations.] 'In other words, the operative event for retroactivity purposes, and the necessary reference point for any ex post facto analysis, is criminal conduct committed before the disputed law took effect.' [Citation.] As to the second element, the four *Calder* categories encompass laws that (1) criminalize conduct that was innocent when done; (2) aggravate or make greater a crime than when committed; (3) change and increase the punishment; and (4) alter the rules of evidence to reduce the legal sufficiency necessary to support a finding of guilt. [Citations.]" *(People v. Trujeque* (2015) 61 Cal.4th 227, 256.)

Defendant claims that application of the definition of serious felonies as they existed on November 7, 2012 to determine his eligibility for resentencing under section 1170.126 "aggravates a crime, or makes it greater than it was, when committed." (*Calder v. Bull*, *supra*, 3 U.S. at p. 390.) He points out that "if [his] crimes were serious felonies when he committed them, he would have been subject, in addition to the Third Strike sentences he received, to further five year sentence enhancements as to each count for every separate prior serious felony conviction. (See § 667, subd. (a) and *People v. Williams* (2004) 34 Cal.4th 397.)" However, defendant's sentence was not increased to include five-year enhancements for his prior serious felony convictions and thus there has been no change in his punishment.

Defendant next argues that reclassifying his current offenses as serious felonies for resentencing purposes under section 1170.126 violates the ex post facto prohibition, because this change alters "his effective sentence, making him ineligible for a newly enacted benefit which would dramatically reduce his punishment." (Italics omitted.)

5

Defendant's reliance on *Weaver v. Graham* (1981) 450 U.S. 24 (*Weaver*), *Lynce v. Mathis* (1997) 519 U.S. 433 (*Lynce*), and *In re Lomax* (1998) 66 Cal.App.4th 639 (*Lomax*) is misplaced.

In *Weaver*, *supra*, 450 U.S. 24, a state statute provided a formula for calculating the amount of conduct credits that reduced the defendant's sentence when he was sentenced to 15 years in prison in 1976. (*Id.* at pp. 25-26.) Two years later, the state legislature repealed this statute and enacted a new formula which reduced the amount of conduct credits to which the defendant was entitled. (*Id.* at pp. 26-27.) *Weaver* held that the application of the new statute to those who had committed their crimes prior to its enactment violated the prohibition against ex post facto laws. (*Id.* at p. 36.)

In *Lynce*, *supra*, 519 U.S. 433, the defendant was convicted of attempted murder in 1986 and sentenced to prison. (*Id.* at p. 435.) In 1992, he was released after he had accumulated various early release credits, including "provisional credits" that were awarded due to prison overcrowding. (*Id.* at pp. 435-436.) Shortly thereafter, the state attorney general issued an opinion that interpreted a 1992 statute and concluded that the statute retroactively canceled all provisional credits awarded to inmates convicted of murder or attempted murder. (*Id.* at p. 436.) The defendant was then returned to custody. (*Ibid.*) *Lynce* held that the 1992 statute violated the ex post facto clause of the federal constitution. (*Id.* at pp. 441-447.)

In *Lomax*, *supra*, 66 Cal.App.4th 639, a prison regulation permitted inmates to apply for the restoration of credits that they had lost due to misconduct in 1993 and 1995. (*Id.* at pp. 641-642.) In 1996, the Department of Corrections revised its regulations to prohibit the restoration of these credits regardless of when the inmates had forfeited the credits. (*Id.* at p. 642.) *Lomax* held that the regulations violated the ex post facto clause. (*Id.* at pp. 647-648.)

6

Here, in contrast to the statutes and regulations at issue in *Weaver*, *Lynce*, and *Lomax*, the reclassification of defendant's offenses as serious felonies for resentencing purposes under section 1170.126 did not retroactively lengthen the amount of time that he must spend in prison. Instead, section 1170.126 provides that certain defendants are eligible for a decreased sentence. Accordingly, we find no violation of the ex post facto clause.

Defendant also contends that the interpretation of section 1170.126 adopted in *Johnson*, *supra*, 61 Cal.4th 674 violates due process. He claims that "[a]t the time of his conviction, the state effectively 'promised' [him] that, whatever other severe consequences there would be from his convictions, his offenses were not 'serious' or 'violent' felonies, and carried none of the penal consequences of such current offense convictions." He again points out that "the state could not have further increased his punishment with separate five-year 'serious felony' enhancements under section 667, subdivision (a) because of that 'promise'. . . ." As previously stated, defendant's punishment has not been increased.

Defendant next argues that *Johnson* "improperly treats [him] more harshly than a similarly situated hypothetical person who committed the same crimes, on the same dates as [he], but who had avoided being tried until after the effective date of Proposition 36." " '[T]he 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time.' " (*People v. Floyd* (2003) 31 Cal.4th 179, quoting *Sperry & Hutchinson Co. v. Rhodes* (1911) 220 U.S. 502, 505.) Thus, we reject this argument.

7

## B. Effect of Striking Punishment for Gang Enhancements

Defendant also contends that he is eligible for resentencing under section 1170.126, subdivision (e)(1), because the trial court struck punishment for the gang enhancement findings when he was sentenced in 2000.

"In construing statutes adopted by the voters, we apply the same principles of interpretation we apply to statutes enacted by the Legislature. [Citation.] '"The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law."' [Citation.] We begin with the language of the statute, to which we give its ordinary meaning and construe in the context of the statutory scheme." (*Johnson*, *supra*, 61 Cal.4th at p. 682.)

Section 1170.126, subdivision (e) provides in relevant part: "An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).)

Here, as previously discussed, defendant's current offenses were serious felonies under section 1192.7, subdivision (c)(28) for purposes of resentencing under section 1170.126. (*Johnson*, *supra*, 61 Cal.4th at p. 687.) Thus, he is serving an indeterminate term of life imprisonment imposed for convictions that are defined as serious felonies and is ineligible for resentencing.

Relying on *People v. Barro* (2001) 93 Cal.App.4th 62 (*Barro*), defendant argues that "a court's action of striking punishment under section 1385 signifies that the court has decided to treat the defendant, for present sentencing purposes, as if the stricken provision did not exist." *Barro* is factually distinguishable from the present case. In *Barro*, pursuant to a negotiated agreement, the defendant's guilty plea to mayhem was set

8

aside, his plea of not guilty was entered, and the matter was dismissed under section 1385 after he had successfully completed probation. (*Barro*, at pp. 65-66.) The parties had also agreed that the mayhem conviction could later be used for sentence enhancement purposes. (*Id.* at p. 66.) After the defendant's mayhem conviction was used to enhance his sentence in a subsequent prosecution, the defendant appealed on the ground that the sentence was unauthorized. (*Id.* at p. 65.) *Barro* concluded that "dismissal under section 1385 of the charge underlying a prior conviction operates, as a matter of law, to erase the prior conviction as if the defendant had never suffered the conviction in the initial instance." (*Id.* at p. 66.) In contrast to *Barro*, here, the trial court did not dismiss under section 1385 the charge underlying the conviction.[3] Instead it struck the *punishment* for the gang enhancement finding under former section 186.22, subdivision (d), which authorizes the trial court to "strike the additional enhancing punishment pursuant to 186.22 (b)(1)."

Defendant acknowledges that *People v. Laino* (2004) 32 Cal.4th 878 stated " 'that under the three strikes law "when guilt is established, either by plea or verdict, the defendant stands convicted and thereafter has a prior conviction." ' [Citation.]" (*Id.* at p. 896.) However, relying on *Boyll v. State Personnel Board* (1983) 146 Cal.App.3d 1070 (*Boyll*), defendant argues that "the term 'conviction' has a variable meaning which can include . . . the judgment and sentence eventually pronounced." In *Boyll*, the appellant pleaded guilty to the sale of marijuana, the trial court suspended criminal proceedings and committed her to a narcotics rehabilitation program. (*Id.* at p. 1072.) After the appellant successfully completed the program, the trial court dismissed the criminal charge under former section 3200 of the Welfare and Institutions Code and the

---

[3] Section 1385 provides in relevant part: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." (§ 1385, subd. (a).)

Governor subsequently granted the appellant an unconditional pardon. (*Boyll*, at p. 1072.) The appellant then applied for a correctional officer position, which was denied on the ground that she had a prior felony conviction. (*Ibid.*) The appellant filed an action against various state agencies, including the State Personnel Board and the Department of Corrections. (*Id.* at pp. 1072-1073.) The trial court sustained the state agencies' demurrer to her complaint. (*Id.* at p. 1073.) The Court of Appeal reversed and reasoned: "While in a narrow sense [the term conviction] can be equated with a verdict or guilty plea, when it goes to determine the civil consequences the conviction must be interpreted in a broader sense so as to include not only the verdict or guilty plea but also the judgment entered thereon." (*Id.* at pp. 1076-1077.) The present case does not implicate civil consequences and thus *Boyll* does not assist defendant.

Nor are we persuaded by defendant's reliance on *People v. Vessell* (1995) 36 Cal.App.4th 285 (*Vessell*) for the proposition that the term "conviction" as used in section 1170.126, subdivision (e)(1) refers to both the verdict or guilty plea and the judgment and sentence. At issue in *Vessell* was whether the Three Strikes law prevented the trial court from reducing a charge to a misdemeanor pursuant to section 17, subdivision (b) and granting probation. (*Vessell*, at p. 287.) *Vessell* rejected the Attorney General's argument that a current offense constituted a "felony conviction" if it was a felony at the time of the plea. (*Id.* at p. 291.) Noting that section 17, subdivision (b) states that upon reduction to a misdemeanor, "the crime is a misdemeanor for all purposes," *Vessell* found no basis to conclude that the Three Strikes law intended to repeal this provision. (*Vessell*, at pp. 291-292.) *Vessell* also cited language in section 667, subdivision (d) to support its conclusion that the Legislature intended that crimes reduced to misdemeanors under section 17, subdivision (b) not be considered current

10

felony convictions.[4]  (*Vessell*, at p. 292.)  Unlike in *Vessell*, here, there is no statutory support for defendant's interpretation of the term "conviction."

In sum, we reject defendant's contention that he is eligible for resentencing under section 1170.126, subdivision (e)(1).


## IV.  Disposition

The order is affirmed.

---

[4]    Section 667, subdivision (d) stated in relevant part:  "The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor."

11

_____
Mihara, J.

WE CONCUR:


_____
Bamattre-Manoukian, Acting P. J.



_____
Grover, J.

12